Haniei, Judge,
 

 after stating the case, proceeded:— In England, the usual, and ahnost the only safe method whereby a
 
 feme covert
 
 can join in the sale, settlement, or incumbrance of her real estate, is by a fine or a common recovery. And a married woman will not be allowed to levy afine, or suffer a recovery unless jointly with her husband, except under very particular circumstances, as it would be voidable by the husband, or even by herself or her heirs.
 
 (2 Bla. Com.
 
 355.) In levying a fine, the husband and wife must make an acknowledgment that the lands
 
 in
 
 question are the right of the complainant or
 
 eogniaee.
 
 This acknowledgment must be made openly in the Court of Common Pleas, where the
 
 praecipe
 
 is actually sued out and returned, or it must be made before a judge or commissioners authorized to take the acknovvledgment out of court, by virtue of the Statute 18
 
 Ed.
 
 1 .which judge or commissioner is bound
 
 'to
 
 examine the
 
 .feme covert
 
 privately, whether she docs it freely, or by the compulsion of her husband. (2
 
 Bla. Com.
 
 350, 351.) When a fine is levied according to law, it concludes the wife, and harsher of any right she may have in the land, and that because she is privately examined as to her voluntary consent, which removes the general suspicion of compulsion of her'husband. (2
 
 Bla. Com.
 
 355. A judgment in a real action brought
 
 *516
 
 against husband and wife, bound the wife when she beCame discovert and forever, therefore when a feign■ed action of this description was brought, the judgment in which was to bar the wife forever, tlielaw would not permit that judgment to be rendered, or á record of the
 
 fine
 
 to be made,before .the fact was ascertained by a private examination whether
 
 ihc feme covert
 
 freely consented to the conveyance Of her land. (3
 
 Thomas’ Coke,
 
 610, 716,
 
 note.)
 
 After the settlement of the colony of North Carolina, the method of conveying lands by fine and recovery was never used here, as appears by a declaration to that effect, in the preamble of the act of 1715. (Rev.
 
 ch.
 
 3.) The Legislature in establishing a method of conveyance, by which
 
 femes covert
 
 might pass their lands, kept in view the precaution which was used in England, to prevent the wife from being imposed on, and compelled to part from her lands, by the force, fraud, or contrivance of her husband. The act of 1715., therefore enacts, that sales hereafter made by husband and wife, and
 
 acknowledged
 
 before the chief-justice, or
 
 the Court
 
 of the precinct, where the land lieth, the wife having been first privately examined before the chief-justice, or one of the associate judges, or by some
 
 member appointed
 
 by the court of the precinct, whether she acknowledged the same freely, shall be as good as if done by fine and recovery. This act, not extending to a
 
 feme covert
 
 who resided out of the State, or who was so aged or infirm that she could not travel to court, oi‘ ’to the judge, and the precinct courts having been changed to county courts, the Legislature passed another act in the pear 1751,
 
 {Rev. ch.
 
 50,) which enacts that all conveyances'^ writing, and sealed by husband and wife for any lands, and by
 
 them personally acknowledged
 
 before the chief-justice, or in the court of the county where the land lieth, the wife being first privately examined before the chief-justice, or some members of ■the county court, appointed by the said court for that purpose, whether she doth voluntarily assent thereto, and registered, shall be valid, as if done by fifio and recovery.
 

 
 *517
 
 The third section enacts, that when the husband shall acknowledge the execution of the deed, or it is proved - by the oath of one or more, witnesses before the chief, justice, or county court, where the land lieth, and it shall be represented that the wife is a resident of any other county, or so aged or infirm, that she cannot travel to the chief justice, or county court to make such acknowledgments as aforesaid, the judge or county court may make an order to direct the clerk of the county court where such land lieth, to issue a commission to two or more commissioners for receiving the acknowledgment of any deed of such
 
 feme covert.
 
 After they have examined her privately and apart from her husband, touching her consent, and certified her consent to the county court to which the commission is returnable, the deed shall by order of the county court, be registered with the commission and return, and shall be as effectual as if personally acknowledged before the chief justice, or the county court. It is apparent by reading these acts, that the Legislature, in analogy to the law relating to
 
 femes,
 
 meant to restrain the wife from conveying her lands, without the concurrence of her husband, and likewise to restrain the husband from alienating the lands of the wife without her consent freely given. To protect her in her rights the Legislature required that she and her husband should, (if within the State,and she could travel,) personally acknowledge tiro execution of the deed before the judge, or before the county court, when she was to undergo an examination separate and apart from her husband, touching her full and voluntary consent to such conveyance. This modo of alienation is likewise in analogy to the practice of acknowledging title to the
 
 cognmee in
 
 a
 
 fine-
 
 There the husband and wife were compelled to make a personal acknowledgment, either in court according to the rules of the common law, or before the judge or commissioner
 
 offines
 
 by virtue of the statute. If the acknowledgment made by the wife is in the county court, the member of the court appointed for that purpose, takes tiie
 
 feme covert
 
 aside, separate and apart from her husband, and private
 
 *518
 
 ly examines her as to her free consent in executing the deed. If she acknowledges that she executed it of her free will and consent, the examining member of the court immediately- returns, and reports to the court verbally her examination, whereupon the court orders the c!cris to enter the report of her private examination on the record, and then further orders, that the acknowledgment, the report oí the private examination and the deed itself shall be registered, which order is fully entered of record. Mrs.
 
 Barfield
 
 did not personally acknowledge in .open court the execution of the deed under which the defendant claims the land, either with or without her husband, neither was she privately examined by any member of the court, in the verge of the court, as to her free consent to the execution of the said deed. It cannot be pretended that the
 
 certificate of Slocomb
 
 is of any avail under the third section of the act of 1751, there is no representation that Mrs.
 
 B.
 
 was a resident of a foreign country, or that she was so aged or infirm that she could not travel to court to malfc her personal acknowledgment, nor is there any commission from the court signed by the clerk, and if there had been both a representation of age or sickness, and a regular commission, it could not have been executed by one commissioner, for the law protects the rights of the wife, by giving her the assistance of at least two commissioners, in those cases which are embraced in the third section of the act of 1751. The principles of the case before the court arc within the cases of
 
 Den ex dem Burges
 
 v
 
 Wilson, (ante
 
 2
 
 vol.p.
 
 306.) and
 
 Whitehurst
 
 v
 
 Hunter.
 
 (2
 
 Hay.
 
 410.) We are of opinion that the judgment of the Superior Court was-right, and must he affirmed.
 

 A return to <j. commission made thirty years after its execution, fe a nullity.
 

 Tto cases oi-
 
 Den
 
 v.
 
 Wilson, fante
 
 2
 
 voi. p.
 
 308, and of
 
 jOsn
 
 v.
 
 Hunter,
 
 (2
 
 Hay.
 
 401,) .approved.
 

 Per Curiam. — Judgment aetirmed.